David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Joan Shrum*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOAN SHRUM, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MIDLAND CREDIT MANAGEMENT, INC, | : **COMPLAINT** |
| | : |
| Defendant. | : |

For this Complaint, Plaintiff Joan Shrum, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect a consumer debt. Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4.      Plaintiff Joan Shrum ("Plaintiff") is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Midland Credit Management, Inc. ("Midland") is doing business in the State of Nevada as a licensed collection agency, holds itself out in the community as collecting and servicing the unpaid debts that have been charged off by original creditors, and whose principal business is the collection of debts.

6.      Midland is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7.      Plaintiff allegedly incurred a financial obligation ("Debt") to Capital One, N.A. ("Original Creditor").

8.      The Debt arose from credit card purchases on Plaintiff's Capital One Walmart Rewards card, which was used to purchase family, personal and household items.

9.      Accordingly, the Debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11.     Midland identified the Debt with an account number ending *****3034.

12.     Midland attempted to collect the Debt, sending multiple collection letters to Plaintiff demanding payment in the amount of $1,778.12.   As such, Midland  engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Midland's Harassment, Oppression and Abusive Conduct</u>**

13.     On May 17, 2020, Plaintiff filed for Chapter 7 Bankruptcy in the District of Nevada.    Plaintiff's case was assigned number 20-12399-mkn ("Bankruptcy").

14.     The Debt was scheduled in the Bankruptcy.  *See* Bankruptcy ECF No. 1.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

| Capital One Bank | | Total claim |
|---|---|---|
| 4:1 | | |

Nonpriority Creditor's Name
C/O Midland Management
Number       Street
P. O. Box 301030

Los Angeles                    CA         90030-1030
City                           State      ZIP Code

Last 4 digits of account number 303703034

When was the debt incurred? _____

$ 1,780.00

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who incurred the debt? Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?
☑ No
☐ Yes

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify Collection Agency

15.     Midland received notice of the Bankruptcy through the Court's BNC Noticing System.  *See* Bankruptcy ECF No. 8.

```
                    United States Bankruptcy Court
                          District of Nevada
In re:                                              Case No. 20-12399-mkn
JOAN ELAINE SHRUM                                   Chapter 7
          Debtor
                         CERTIFICATE OF NOTICE
District/off: 0978-2      User: admin       Page 1 of 1        Date Rcvd: May 18, 2020
                          Form ID: 309A     Total Noticed: 11
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 20, 2020.
db            +JOAN ELAINE SHRUM,    2246 LITTLE RIVER COURT,   LAS VEGAS, NV 89156-6100
11162777      +CALIFORNIA DEPT. OF   TREASURY,   INTERNAL REVENUE SERVICE,   FRESNO, CA 93888-0001
11162778       CAPITAL ONE BANK,   C/O MIDLAND MANAGEMENT,   P. O. BOX 301030,   LOS ANGELES, CA 90030-1030
11162780      +DISCOVER BANK,   C/O JOSEPH DINOLA, ESQ.,   7271 W. CHARLESTON BLVD., #100,
               LAS VEGAS, NV 89117-1686
11162781       DISCOVER FIN SVCS LLC,   C/O JOSEPH DINOIA, ESQ.,   7271 W. CHARLESTON ROAD, #100,
               WILMINGTON, DE 19850
```

16.     On August 24, 2020, the Bankruptcy Court entered Plaintiff's Chapter 7 Discharge.  *See* Bankruptcy ECF No. 14.

17.     Midland received notice of the discharge through the Court's BNC Noticing System.  *See* Bankruptcy ECF No. 15.

United States Bankruptcy Court
District of Nevada

In re:                                                    Case No. 20-12399-mkn
JOAN ELAINE SHRUM                                         Chapter 7
       Debtor                    **CERTIFICATE OF NOTICE**

District/off: 0978-2         User: admin          Page 1 of 1          Date Rcvd: Aug 24, 2020
                             Form ID: 318         Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
db        +JOAN ELAINE SHRUM,   2246 LITTLE RIVER COURT,   LAS VEGAS, NV 89156-6100
aty       +CHAD M. GOLIGHTLY,   FAIR FEE LEGAL SERVICES,   8665 SOUTH EASTERN AVE, STE 101,
           LAS VEGAS, NV 89123-2802
11162777  +CALIFORNIA DEPT. OF TREASURY,   INTERNAL REVENUE SERVICE,   FRESNO, CA 93888-0001
11162778   CAPITAL ONE BANK,   C/O MIDLAND MANAGEMENT,   P. O. BOX 301030,   LOS ANGELES, CA 90030-1030
11162780  +DISCOVER BANK,   C/O JOSEPH DINOLA, ESQ.,   7271 W. CHARLESTON BLVD., #100,
           LAS VEGAS, NV 89117-1686

18.   Midland knew or should have known that a discharge in Plaintiff's Bankruptcy operated as an injunction against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset the Debt against Plaintiff as a personal liability of Plaintiff. *See* 11 U.S.C. § 524(a)(2).

19.   However, despite Midland's knowledge of Plaintiff's Bankruptcy discharge, Midland engaged in intentional and willful debt collection tactics in an effort to collect the discharged Debt from Plaintiff.

20.   Midland sent a collection letter to Plaintiff dated October 14, 2020, demanding Plaintiff pay $1,778.12 on the Debt under threat of litigation, as seen below.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052



21.     Midland sent a second collection letter, dated November 19, 2020, again demanding Plaintiff pay $1,778.12, and threatening Plaintiff that if she did not pay, "we intend to have a lawsuit filed against you," as shown below:



KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

22.   At the time Midland sent these two collection letters, Plaintiff's personal liability on the Debt had been discharged, and there was no basis or grounds to collect the Debt.

23.   Further, Midland knew or should have known that it had no legal basis to commence litigation against Plaintiff to collect the discharged Debt yet willfully

and intentionally sent illicit collection communication to Plaintiff.

24.     Alternatively, Midland's conduct was reckless and/or negligent in sending communications to Plaintiff, demanding payment of a Debt in an amount that was not owed and threatening legal action that could not be taken.

**C. Plaintiff Suffered Actual Damages**

25.     Plaintiff has suffered and continues to suffer actual damages as a result of Midland's unlawful conduct.

26.     As a direct consequence of Midland's acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

27.     Plaintiff also feels the benefit of the Bankruptcy has been lost if Midland is permitted to continue its illegal collection efforts on the Debt.

28.     Plaintiff has had to retain the services of an attorney to stop Midland's harassment, oppression and abusive debt collection conduct.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692e, et seq.**

29.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

30.     Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

misrepresented the amount of the Debt owed, falsely asserting that Plaintiff owed $1,778.12 on the Debt for which Plaintiff had no personal liability.

31.    Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action against Plaintiff if she did not pay the Debt.  However, because the Debt was discharged in the Bankruptcy, Midland was legally enjoined from commencing legal action against Plaintiff to collect the Debt.

32.    The foregoing conduct relating to these FDCPA claims is not predicated on a violation of a discharge order, nor does Plaintiff seek relief for violation of a discharge order.  Rather,  Plaintiff's FDCPA claims are predicated on Defendant's misrepresentations of the amount of the Debt, Defendant's threats to take action that could not legally be taken, and Defendant's collection communications and debt collection efforts regarding the Debt.

33.    Plaintiff is not seeking a private right of action under the Bankruptcy Code as there is no independent basis under the Bankruptcy Code to provide redress to Plaintiff for Defendant's misrepresentation of the correct and lawful amount of the Debt.

34.    Plaintiff also does not suggest that the Bankruptcy Code may be used to create substantive rights for a private right of action thereunder for Defendant's FDCPA collection violations.   These FDCPA claims are remote from the Bankruptcy Code and operate as their own independent claims under non-

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

bankruptcy law.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     Plaintiff is entitled to damages as a result of Defendant's violations.

37.     Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award of reasonable attorneys' fees plus costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

## **COUNT I.**
## **VIOLATIONS OF 15 U.S.C. § 1692e**

1. actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. punitive damages; and

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

4.  any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 15, 2021

Respectfully submitted,

By      /s/ David Krieger, Esq.
       David Krieger, Esq.
       Nevada Bar No. 9086
       Shawn Miller, Esq.
       Nevada Bar No. 7825
       KRIEGER LAW GROUP, LLC
       2850 W. Horizon Ridge Parkway
       Suite 200
       Henderson, Nevada 89052
       Phone: (702) 848-3855
       Email: dkrieger@kriegerlawgroup.com
       Email: smiller@kriegerlawgroup.com

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052